UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FRED CHISOM,

                Plaintiff,

v.

SCOTT RUSSELL, Superintendent, Washington Corrections Center,

                Defendant.

No. C06-1194

ORDER ADOPTING IN PART REPORT AND RECOMMENDATION

       This matter comes before the Court on Plaintiffs' petition for a writ of habeas corpus. (Dkt. No. 7). Petitioner is proceeding *in forma pauperis*. (Dkt. No. 2). Magistrate Judge Benton has issued a recommendation that the action be dismissed. (Dkt. No. 9). Having considered the papers filed by Mr. Chisom, and Magistrate Judge Benton's Report and Recommendation, the Court ADOPTS IN PART the Report and Recommendation.

       In his habeas petition, Mr. Chisom states that he is challenging his conviction in King County Superior Court. But it does not appear on the face of Mr. Chisom's petition that he actually wishes to challenge the judgment in the state proceedings. Instead, petitioner seeks to challenge his placement in the Intensive Management Unit ("IMU") at the Washington Corrections Center ("WCC") in Shelton, Washington. Mr. Chisom complains that he has been in the IMU for three years. He claims that he was placed in IMU in retaliation for "pending civil litigation" and claims that

ORDER - 1

WCC will not release him because he will not participate in an offender class. Mr. Chisom asserts that he is not obligated to complete the offender class.

In his objections to the Report and Recommendation, Mr. Chisom elaborates on his claim and alleges that the IMU placement violates the Eighth and Fourteenth Amendments to the United States Constitution. He requests the following relief: "Be released from IMU immediately."

Magistrate Judge Benton recommended that the Court dismiss the habeas action because Mr. Chisom's challenge "falls outside the scope of federal habeas review." Indeed, Magistrate Judge Benton is correct that Mr. Chisom is challenging a classification decision of WCC prison authorities rather than the validity of the judgment pursuant to which he is currently incarcerated. But federal courts may construe a habeas petition as a § 1983 action. See Fierro v. Gomez, 77 F.3d 301, 305 (9th Cir. 1996), vacated and remanded on other grounds, 519 U.S. 918, 136 L. Ed. 2d 204, 117 S. Ct. 285 (1996).

Here, Mr. Chisom's action is actually an action for injunctive relief under 42 U.S.C. § 1983. In effect, he is claiming that his placement in IMU is in violation of the Eighth and Fourteenth Amendments to the United States Constitution. Under normal circumstances, the Court would either construe Mr. Chisom's petition as a § 1983 action, see Fierro, 77 F.3d at 305, or grant Mr. Chisom leave to amend his complaint to reflect the § 1983 action. See Eldridge v. Block, 832 F.2d 1132, 1135-36 (1987) ("[A] pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment."). But in this case, the Court cannot convert this action to a civil rights action because Mr. Chisom has on five occasions had actions dismissed where the court specifically counted the dismissal as a strike pursuant to 28 U.S.C. § 1915(g). See Chisom v. Larson, 97-CV-0420TSZ; Chisom v. Belshaw, 04-CV-5318RBL; Chisom v. Clallam Bay property room, 04-CV-5585RBL;

ORDER - 2

Chisom v. Clallom Bay mail room, 04-CV-5588RBL; and Chisom v. Frazier, 05-CV05327RBL.  The *in forma pauperis* statute, 28 U.S.C. § 1915, limits the number of civil claims a prisoner may bring:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the priosoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Because Mr. Chisom has at least three prior strikes under § 1915(g), and because Mr. Chisom has not shown that he is under imminent danger of serious physical injury, he cannot bring a civil rights action while proceeding *in forma pauperis*.[1]

The Court therefore ORDERS:

(1) The Court adopts in part Magistrate Judge Benton's Report and Recommendation. Because Petitioner is not requesting habeas relief, his habeas petition is DISMISSED.

(2) Because Petitioner is actually attempting to bring a civil rights action and because Petitioner is barred by 28 U.S.C. § 1915(g) from proceeding *in forma pauperis* in a civil rights action, the Court REVOKES Petitioner's *in forma pauperis* status.

(3) If Petitioner wishes to proceed with his civil rights action, he must pay the $350 filing fee.  Petitioner has twenty (20) days from the date of this Order to pay the filing fee. If Mr. Chisom does not pay the fee by February 12th, 2007, the entire action will be dismissed.

The clerk is directed to send copies of this Order to Petitioner, and to Magistrate Judge Benton.

Dated: January 22nd, 2007.

Marsha J. Pechman
United States District Judge

---

[1] Judge Bryan recently dismissed, for similar reasons, another habeas action filed by Petitioner in which Petitioner challenged his placement in the IMU at WCC.  See Chisom v. Wash. State Dept. of Corrs., C06-5395RJB.

ORDER - 3